# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America </br> v. </br> KEVIN OMAR OCASIO- JUSTINIANO </br> </br> *Defendant(s)* | ) </br> ) </br> ) Case No. </br> )       6:24-mj- 1398 </br> ) </br> ) </br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 6, 2022__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C § 841(a) </br> 18 U.S.C. § 924(c)(1)(B)(ii) | Possession with the intent to distribute a mixture or substance containing a detectable amount of fentanyl and cocaine and possession of a machinegun in Furtherance of Drug Trafficking. |

This criminal complaint is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Luke Austin, Special Agent
*Printed name and title*

Sworn to before me over the telephone or reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: April 16, 2024

_____
*Judge's signature*

City and state: Orlando, Florida      ROBERT M. NORWAY, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN OMAR OCASIO- JUSTINIANO | Case No. 6:24-mj-1398<br><br>FILED UNDER SEAL |

**AFFIDAVIT IN SUPPORT OF COMPLAINT
AND ARREST WARRANT**

I, Luke Austin, being duly sworn, state the following:

**Agent Background**

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA) and have been since March of 2021. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that, I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I am a Detective with the Orlando Police Department (OPD) and assigned to the DEA's High Intensity Drug Trafficking Areas (HIDTA) Taskforce group for Central Florida. I have been an officer with OPD since January 9, 2012 and have been assigned to the DEA HIDTA task force group since March 7, 2021.

3. I have participated in and conducted investigations of violations of various state and federal drug laws, including unlawful possession with intent to distribute controlled substances, distribution of controlled substances, use of communication facilities to commit narcotics offenses, conspiracy to import

controlled substances, and money laundering, all in violation of Title 21 and Title 18 of the United States Code. These investigations have resulted in arrests of individuals who have smuggled, received, and distributed controlled substances, including cocaine, marijuana, heroin, fentanyl, and methamphetamine.

4. I have also conducted investigations concerning the identification of co-conspirators through the use of telephone records, financial records, drug ledgers, and other pertinent documents. I have participated in the debriefings of many of those individuals who were arrested and cooperated with the government in regards to various violations of Title 21 and Title 18 of the United States Code.

5. I have directed numerous confidential sources and cooperating witnesses to successfully infiltrate various narcotics organizations by way of intelligence gathering, participation in consensual recordings, and purchases of controlled substances. I have purchased controlled substances as an undercover agent, executed search warrants for controlled substances, and conducted surveillance in connection with numerous narcotics investigations.

6. I have attended classes and courses conducted by the DEA and other law enforcement agencies regarding the importation, transportation, and distribution of illegal drugs. I am knowledgeable about state and federal drug laws. I have participated in a number of drug trafficking, money laundering, and organized crime investigations that have resulted in the arrest of numerous members of several different international and domestic DTOs, and the seizure of currency, assets, and drugs. Several of these investigations have employed electronic surveillance as an

investigative technique. I have directed, supervised, and participated in many searches of the residences and businesses of suspected drug traffickers for evidence of criminal activity. I have also conducted and participated in the debriefing of many drug traffickers and money launderers, through which I have learned valuable information regarding the techniques used by DTOs to distribute drugs in both domestic and international markets. As a result of my training and experience, I am familiar with the way in which DTOs illegally traffic, transport, and distribute drugs, and launder the proceeds derived from their drug distribution activity.

7. Through my employment as a law enforcement officer, I have gained knowledge in the use of various investigative techniques, including the use of wire and electronic interceptions and other types of electronic surveillance, physical surveillance, undercover investigators, confidential informants, cooperating witnesses, controlled purchases of illegal drugs, consensually-monitored recordings, investigative interviews, trash searches, mail covers, financial investigations, administrative subpoenas, and search and arrest warrants.

8. This affidavit is submitted for the limited purpose of establishing probable cause in support of the issuance of a criminal complaint and arrest warrant for Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), and Possession of a Machinegun in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(B)(ii). This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter.

## Probable Cause

9. The DEA has been investigating a criminal group known as the 6's for several years. During 2022, the DEA executed numerous Title III wire intercepts on various phones leading to the identification of Kevin Omar OCASIO-JUSTINIANO (utilizing cellular device 321-378-9579) as a member of the 6's and a drug dealer.

10. On July 6, 2022, OPD Officer Nicholas Zoly attempted to conduct a traffic stop of OCASIO-JUSTINIANO for various traffic violations. OCASIO-JUSTINIANO allowed Officer Zoly to reach the driver's door on foot before driving away at a high rate of speed. A subsequent arrest warrant was issued for fleeing and eluding a law enforcement officer.

11. On August 16, 2022, Orlando Detectives John Stollmeyer, Brian Ferrera and Brandon Kerr were conducting surveillance at a place identified as the residence of a target of the DEA investigation. The residence is located on Conway Road in Orlando. At approximately 7:25 p.m., OCASIO-JUSTINIANO left the residence in a vehicle that I know him to regularly operate at that time – a teal/blue Acura MDX bearing Florida tag IH19IW which is registered to his sister. OCASIO-JUSTINIANO drove straight to the intersection of Goldenrod Blvd and Curry Ford Road and met with a street-level drug dealer (Cooperating Defendant-1, or CD-1).[1]

12. CD-1 was observed entering the back right seat of OCASIO-JUSTINIANO's vehicle. My investigation has revealed that OCASIO-

---

[1] CD-1 is cooperating with the DEA in exchange for consideration on the drugs found on his person described herein. His information is consistent with the information I obtained in my investigation.

4

JUSTINIANO will pick up customers and drop them back off at the same location they were picked up from minutes later.

13. After dropping off CD-1, OCASIO-JUSTINIANO returned back to the Conway residence referenced above. I interviewed CD-1 and he informed me that he had drugs on his person which he just obtained. Detectives located 7 bags of cocaine and 7 bags of fentanyl in the front compartment of his boxer briefs. Firmly wedged between his buttocks was a larger bag that contained 31 "hot shot hits" which consisted of half cocaine and half fentanyl ad weighing a combined 6.2 grams, 30 baggies (reddish/pink) of fentanyl weighing 3.7 grams and another 30 small clear baggies of cocaine. Both the fentanyl and cocaine tested presumptive positive for the presence of the respective narcotic.

14. CD-1 stated that he worked for the 6's and that OCASIO-JUSTINIANO, who he knows as "Keva," drops off the drugs to him when he gets low. CD-1 had Keva stored in his phone as utilizing the number (321) 378-9579, the same number identified from the wire intercepts as a number belonging to OCASIO-JUSTINIANO.

15. On August 23, 2022, along with members of OPD, I was conducting surveillance on OCASIO-JUSTINIANO with the purpose of executing the above-referenced arrest warrant. I observed OCASIO-JUSTINIANO driving his teal/blue Acura MDX bearing Florida tag IH19IW. During surveillance, OPD personnel observed OCASIO-JUSTINIANO leaving his Pompeii residence before visiting the area of Rittenhour Circle, an area documented in this case as a distribution location.

Specifically, OCASIO-JUSTINIANO was surveilled coming from a known stash house used by the drug traffickers who were being monitored in the DEA investigation.

16. At approximately 5:00 p.m., OCASIO-JUSTINIANO was observed entering a Walmart store parking lot located near the intersection of South Goldenrod Road and Hoffner Blvd. in Orlando Florida. OCASIO-JUSTINIANO was the only occupant of the vehicle and was seen exiting the driver's seat. Knowing the prior behavior of flight, agents allowed OCASIO-JUSTINIANO to exit the vehicle and did not attempt apprehension until after he exited the store. OPD attempted to apprehend OCASIO-JUSTINIANO, who fled on foot and was apprehended shortly thereafter. When he decided to flee, OCASIO-JUSTINIANO abandoned the bag of items he just purchased from Walmart. Inside that bag, officers located a metal pot, silver spoons, and a metal strainer. From my training and experience, I know these are tools used by drug dealers to manufacture, process, and distribute narcotics.

17. OCASIO-JUSTINIANO had the keys to the vehicle on his person. K9 officer Nicholas Zoly responded to the scene and conducted a dog sniff on the vehicle. With a positive alert, Orlando Detectives conducted a search of his vehicle. Inside the vehicle, officers located a clear bag of cocaine weighing approximately 0.1 grams and a reddish/pink bag of fentanyl weighing approximately 0.1 grams. The bag containing the fentanyl matched the bags sold by the 6's as a group and were identical to the bags I seized from CD-1 on August 16, 2022. The narcotics tested

presumptive positive for the presence of cocaine and fentanyl and are awaiting lab results. Wedged between the driver's seat and the center console was a loaded black .40 caliber Glock 22 bearing serial number BXAE441.

18. I responded to the scene and examined the firearm recovered from the vehicle. The firearm had been altered with a small piece attached at the back of the slide known as an "auto sear." The auto sear converts a normal semi-automatic firearm into a fully automatic machinegun. OCASIO-JUSTINIANO was transported to an interview location pending his arrest documents being completed.

19. After being advised of his constitutional rights, I interviewed OCASIO-JUSTINIANO with the assistance of Detective William Jimenez-Santiago and Detective John Stollmeyer. OCASIO-JUSTINIANO acknowledged that his telephone number was 321-378-9579. He also acknowledged driving the Acura MDX, stating that it was his car but is registered in his sister's name who lives in Connecticut. OCASIO-JUSTINIANO further stated that the insurance was in his mother's name. OCASIO-JUSTINIANO went on to explain that he was the only one in the vehicle on this date. OCASIO-JUSTINIANO continued that he only smokes cigarettes, weed and takes Percocet pills. When asked why there was Fentanyl and Cocaine in the vehicle, OCASIO-JUSTINIANO replied that he hangs around people who uses those drugs. Although he did not state he sold narcotics, this is partially true based on OCASIO-JUSTINIANO handing these narcotics to those who do take and abuse controlled substances.

20. OCASIO-JUSTINIANO was asked if he had any knowledge of the firearm by his seat. Initially he denied knowledge of the gun but upon being shown a picture on the firearm on the seat, OCASIO-JUSTINIANO suddenly remembered that he had not only been aware of the firearm but had used it multiple times. Detective Jimenez-Santiago asked OCASIO-JUSTINIANO if his fingerprints and or DNA would be on the firearm and he replied, "Yes." Detective Jimenez-Santiago continued by asking how and why OCASIO-JUSTINIANO had fired the firearm before. OCASIO-JUSTINIANO stated that he had fired the firearm before but believed it was a semi-automatic firearm. OCASIO-JUSTINIANO was then asked if he was a convicted felon to which he replied, "Yes."[2]

21. Based upon all of the information obtained during the investigation and for the reasons stated herein, OCASIO-JUSTINIANO possessed the bags containing cocaine and fentanyl in his vehicle for distribution. Given the proximity of the firearm to OCASIO-JUSTINIANO and to the narcotics he had in his vehicle, the fact that it was loaded with one in the chamber, and the type of firearm being altered to function as a machinegun, I believe that OCASIO-JUSTINIANO possessed the firearm in furtherance of his drug trafficking.

---

[2] A check of law enforcement databases reveals that while OCASIO-JUSTINIANO has several felony convictions, adjudication has been withheld in all of those cases. On January 10, 2023, OCASIO-JUSTINIANO was convicted of a felony offense for Aggravated Battery in an unrelated matter and sentenced to 3 years of community supervision. Therefore, he is currently a convicted felon but was not a convicted felon on the date when the machinegun was recovered.

## Conclusion

22. Based on the foregoing facts and evidence, I believe that probable cause exists to charge OCASIO-JUSTINIANO with one count of Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of Possession of a Machinegun in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

_____
Task Force Officer Luke Austin
Drug Enforcement Administration

Affidavit submitted by email and attested to me
as true and accurate via videoconference consistent
with Fed. R. Crim. P. 4.1 and 4(d)
before me this _16_ day of April, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge